IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| Noah Elisha Watson,<br>Petitioner, | )<br>)<br>) |
| v. | ) 1:08cv684 (TSE/TRJ) |
| Gene M. Johnson,<br>Respondent. | )<br>)<br>)<br>) |

## MEMORANDUM OPINION

Noah Elisha Watson, a Virginia inmate proceeding pro se, has filed a petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2254, challenging the validity of his conviction of possession of cocaine with intent to distribute and other offenses following a bench trial in the Circuit Court of Henrico County, Virginia. Respondent has filed a Motion to Dismiss and Rule 5 Answer, along with a supporting brief and exhibits. Watson was given the opportunity to file responsive materials, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), and he has filed a reply. For the reasons that follow, Watson's claims must be dismissed.

### I. Background

On November 1, 2005, following a bench trial, Watson was found guilty of possession of cocaine with intent to distribute, failure to appear, and operating a motor vehicle after having been determined to be an habitual offender. Petitioner was sentenced to serve twenty (20) years in prison with sixteen (16) suspended for the drug conviction, plus five (5) years for failure to appear and one (1) year for unlawfully operating a motor vehicle, for a total active sentence of ten (10) years incarceration. Commonwealth v. Watson, Case No. CR05-2530-2531-2532-00F.

Watson pursued a direct appeal, raising claims that the evidence was insufficient to prove that: (1) he willingly failed to appear for a court date, and (2) he possessed the cocaine which was the subject of the drug charge. The Court of Appeals of Virginia denied the petition for appeal in an unpublished *per curiam* opinion on June 7, 2006. Watson v. Commonwealth, R. No. 2878-05-2 (Va. Ct. App. June 7, 2008). Resp. Ex. 1. On November 29, 2006, the Supreme Court of Virginia refused Watson's petition for further appeal. Watson v. Commonwealth, R. No. 061331 (Va. Nov. 29, 2006). Resp. Ex. 2.

Watson then pursued an application for habeas corpus relief in the Supreme Court of Virginia, contending that: (1) he received ineffective assistance of appellate counsel where his attorney failed to argue that Watson did not possess the intent to distribute the cocaine; and (2) the evidence was insufficient to sustain the conviction of possession of cocaine with intent to distribute where it did not preclude the inference that the drugs were for Watson's personal use. Resp. Ex. 3 at 5. The Supreme Court of Virginia denied and dismissed the petition on March 17, 2008. Watson v. Director, Dep't of Corrections, R. No. 072049 (Va. Mar. 17, 2008). On or about May 5, 2008, Watson filed the instant federal habeas petition,[1] raising the following claims:

1. The evidence adduced at trial was insufficient to sustain the conviction of possession of cocaine with intent to distribute.

2. The evidence adduced at trial was insufficient to sustain the conviction of failure to appear.

3. He received ineffective assistance of counsel on

---

[1] For federal habeas corpus purposes, a pleading submitted by an incarcerated pro se litigant is deemed filed when the prisoner delivers his pleading to prison officials. Lewis v. City of Richmond Police Dep't, 947 F.2d 733 (4th Cir. 1991); see also Houston v. Lack, 487 U.S. 266 (1988). Here, Watson declared that his petition was executed on May 5, 2008, Pet. at 15, although the petition was not date-stamped as being received by the Clerk until July 2, 2008. Pet. at 1.

2

> appeal when no challenge was made to the sufficiency of the evidence to establish the element of intent necessary to support the conviction of possession of cocaine with intent to distribute.

On February 2, 2009, respondent filed a Rule 5 Answer and a Motion to Dismiss Watson's claims, along with a supporting brief and exhibits. Watson filed a reply on February 26, 2009. Accordingly, this matter is now ripe for review.

## II. Procedural Bar

In his first claim before this Court, Watson argues that the evidence presented at trial was insufficient to sustain his conviction of possession of cocaine with intent to distribute, both because the proof that he had the cocaine in his possession was insufficient, and because no showing was made that he intended to distribute the cocaine. Pet. Memo. at 11 - 17. To the extent that petitioner challenges the sufficiency of the evidence to demonstrate his intent to distribute the cocaine, his claim is procedurally barred from federal review.

Watson first argued that the evidence of his intent to distribute the cocaine was insufficient in his application for a writ of habeas corpus to the Virginia Supreme Court. In its Order dismissing Watson's petition, the Court held in pertinent part:

> In claim (B), petitioner alleges that the evidence was insufficient to show that he possessed the intent to distribute. Petitioner contends that the evidence did not exclude the reasonable hypothesis that his possession of the crack cocaine was for personal use only.
>
> The Court holds that this portion of claim (B) is barred because this non-jurisdictional issue could have been raised at trial and on direct appeal and, thus, is not cognizable in a petition for writ of habeas corpus. Slayton v. Parrigan, 215 Va. 27, 29, 205 S.E. 2d 680, 682 (1974), cert. denied, 419 U.S. 1108 (1975).

Watson v. Director, supra. Resp. Ex. 4 at 2.

A state court's finding of procedural default is entitled to a presumption of correctness on federal habeas corpus review, Clanton v. Muncy, 845 F.2d 1238, 1241 (4th Cir. 1988) (citing 28 U.S.C. § 2254(d)), provided two foundational requirements are met. Harris v. Reed, 489 U.S. 255, 262-63 (1989). First, the state court must explicitly rely on the procedural ground to deny petitioner relief. See Ylst v. Nunnemaker, 501 U.S. 797, 802-03 (1991); Harris v. Reed, 489 U.S. 255, 259 (1989). Second, the state procedural rule used to default petitioner's claim must be an independent and adequate state ground for denying relief. See Harris, 489 U.S. at 260; Ford v. Georgia, 498 U.S. 411, 423-24 (1991). The Fourth Circuit has held consistently that "the procedural default rule set forth in Slayton constitutes an adequate and independent state law ground for decision." Mu'Min v. Pruett, 125 F.3d 192, 196-97 (4th Cir. 1997). When these two requirements are met, federal courts may not review the barred claim absent a showing of cause and prejudice or a fundamental miscarriage of justice, such as actual innocence. Harris, 489 U.S. at 260. The existence of cause ordinarily turns upon a showing of (1) a denial of effective assistance of counsel, (2) a factor external to the defense which impeded compliance with the state procedural rule, or (3) the novelty of the claim. See Coleman v Thompson, 501 U.S. 722, 753-54 (1991); Clozza v. Murray, 913 F.2d 1092, 1104 (4th Cir. 1990); Clanton, 845 F.2d at 1241-42. Importantly, a court need not consider the issue of prejudice in the absence of cause. See Kornahrens v. Evatt, 66 F.3d 1350, 1359 (4th Cir. 1995), cert. denied, 517 U.S. 1171 (1996).

In his reply to respondent's invocation of the procedural bar defense, Watson asserts that his procedural default of a portion of Claim 1 of this petition should be excused because appellate counsel provided ineffective assistance by omitting that argument on direct appeal. However, as will be discussed *infra* in analyzing Claim 3, appellate counsel was not constitutionally ineffective in

4

failing to present the argument petitioner now asserts to avoid the procedural bar. Thus, petitioner has failed to demonstrate cause for excusing his procedural default, and the portion of Claim 1 where petitioner challenges the sufficiency of the evidence of his intent to distribute the cocaine will be dismissed. See Clozza, 913 F.2d at 1014 (finding that a meritless ineffective assistance of counsel claim cannot excuse a procedural default).

Because Watson exhausted his remaining claims as required under 28 U.S.C. § 2254,[2] they will be reviewed on the merits.

### III. Standard of Review

When a state court has addressed the merits of a claim raised in a federal habeas petition, a federal court may not grant the petition based on the claim unless the state court's adjudications are contrary to, or an unreasonable application of, clearly established federal law, or are based on an unreasonable determination of the facts. 28 U.S.C. § 2254(d). The evaluation of whether a state court decision is "contrary to" or "an unreasonable application of" federal law is based on an independent review of each standard. See Williams v. Taylor, 529 U.S. 362, 412-13 (2000). A state court determination runs a foul of the "contrary to" standard if it "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law or if the state court decides a case differently than [the United States Supreme] Court has on a set of materially

---

[2] Before bringing a federal habeas petition, a state prisoner must first exhaust his claims in the appropriate state court. See 28 U.S.C. § 2254(b); Granberry v Greer, 481 U.S. 129 (1987); Rose v. Lundy, 455 U.S. 509 (1982); Preiser v. Rodriguez, 411 U.S. 475 (1973). To comply with the exhaustion requirement, a state prisoner "must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process." O'Sullivan v. Boerckel, 526 U.S. 838, 845 (1999). Thus, a petitioner convicted in Virginia must first have presented the same factual and legal claims raised in his § 2254 application to the Supreme Court of Virginia on direct appeal, or in a state habeas corpus petition. See, e.g., Duncan v. Henry, 513 U.S. 364 (1995).

indistinguishable facts." Id. at 413. Under the "unreasonable application" clause, the writ should be granted if the federal court finds that the state court "identifies the correct governing legal principle from [the Supreme] Court's decisions but unreasonably applies that principle to the facts of the prisoner's case." Id. Importantly, this standard of reasonableness is an objective one. Id. at 410. Under this standard, "[t]he focus of federal court review is now on the state court decision that previously addressed the claims rather than the petitioner's free-standing claims themselves." McLee v. Angelone, 967 F.Supp. 152, 156 (E.D. Va. 1997), appeal dismissed, 139 F.3d 891 (4th Cir. 1998) (table).

## IV. Analysis

### A. Claim 1

In the cognizable portion of his first claim, Watson contends that the evidence was insufficient to sustain his conviction of possession with intent to distribute cocaine, as the requisite element of his possession of the cocaine was not established. When Watson made this same argument on his direct appeal, the Court of Appeals of Virginia found it to be without merit for the following reasons:

> Officer Pridemore was conducting a license and equipment check at an intersection. Appellant approached the road check driving a truck containing one female passenger. When appellant was unable to produce an operator's license, Pridemore asked appellant to park the truck. Pridemore went back to his police vehicle to verify appellant's license status, and he determined appellant was an habitual offender. Officer Lane had been standing next to the driver's side door of appellant's truck while Pridemore was checking appellant's status. As Pridemore approached appellant's truck, Lane walked around to the passenger side of the truck. Pridemore estimated he walked forty to sixty feet from his vehicle to appellant's truck. When he arrived at the truck, he found on the ground a bag containing thirty-seven individually wrapped pieces of cocaine weighing a total of 2.7 grams. Pridemore stated the bag was directly below the door jamb of the

truck 'along the line of the driver's seat.' Pridemore testified the area was well-lit with streetlights. Pridemore asked appellant whether he had any other drugs and appellant replied, 'I don't know what you're talking about. I've never messed with drugs. I've never been arrested.' The evidence showed appellant had two prior convictions for possession of cocaine with intent to distribute.

A canine unit arrived at the scene, and the dog alerted to appellant's right side when he was placed in a lineup. The dog also alerted to the baggie, which was still on the ground, and the middle portion of the of the bench seat in the truck. No drug paraphernalia was found in appellant's truck. In addition, Pridemore testified appellant's truck was the only vehicle they directed to park in that area on the night of the traffic stop. Officer Lane testified she was 'a hundred percent sure' the bag of cocaine was not on the ground while she was standing beside the driver's side of the truck. She also stated that appellant's window was lowered while she was standing beside the door and that she began to walk away from the driver's side of the truck when she saw Pridemore approaching.

> Possession may be actual or constructive. Constructive possession may be established by 'evidence of acts, statements, or conduct of the accused or other facts or circumstances which tend to show that the defendant was aware of both the presence and the character of the substance and that it was subject to his dominion and control.'

Logan v. Commonwealth, 19 Va. App. 437, 444, 452 S.E. 2d 364, 368-69 (1994) (*en banc*) (quoting Powers v. Commonwealth, 227 Va. 474, 476, 316 S.E. 2d 739, 740 (1989)) (other citation omitted).

The evidence showed that appellant had a brief opportunity to discard the cocaine after Lane left the driver's side of the truck and before Pridemore reached the driver's door of the truck. From the evidence of the cocaine located near the driver's door, the dog alerting to appellant's right side and the area of the truck where appellant's right side had been located when he was seated in the driver's seat, and appellant's misrepresentation about never having been arrested, the trial court could conclude that appellant discarded the drugs on the ground. The trial court is entitled to 'infer that [appellant] was untruthful in order to conceal his guilt.' Welch v. Commonwealth, 15 Va. App. 518, 525, 425 S.E.2d 101, 106 (1992). Accordingly, the evidence was insufficient to prove beyond a reasonable doubt that

appellant possessed the cocaine.

Watson v. Commonwealth, supra. Resp. Ex. 1 at 2 - 4. The foregoing determination, which was the last reasoned state court decision, is imputed to the Supreme Court of Virginia, which refused further appeal without explanation. See Ylst, 501 U.S. at 803.

On federal habeas review, the standard for a claim challenging the sufficiency of the evidence supporting a state conviction is "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319 (1979) (emphasis original). The federal court is required to give deference to findings of fact made by the state courts, and this presumption of correctness applies to facts found by both trial and appellate courts. 28 U.S.C. § 2254(d); Sumner v. Mata, 449 U.S. 539, 546-47 (1981); see Wilson v. Greene, 155 F.3d 396, 405-06 (4th Cir. 1998) (citing Wright v. West, 505 U.S. 277, 292 (1992) for the holding that a federal habeas court is prohibited from either "consider[ing] anew the jury's guilt determination or "replac[ing] the state's system of direct appellate review"). Instead, the federal court must determine only whether the trier of fact made a rational decision to convict. Herrera v. Collins, 506 U.S. 390, 402 (1993).

In evaluating the sufficiency of the evidence to support a conviction, it is not the role of a federal court to review the credibility of witnesses. United States v. Hobbs, 136 F.3d 384, 391 n.11 (4th Cir. 1998); United States v. Reavis, 48 F.3d 763, 771 (4th Cir. 1995); United States v. Saunders, 886 F.2d 56, 60 (4th Cir. 1989).Instead, the federal court is bound by credibility determinations made by the state court trier of fact. United States v. Arrington, 719 F.2d 701, 704 (4th Cir. 1983). In this case, most if not all of petitioner's argument regarding the cognizable portion of his first claim is no more than an invitation to this Court to re-weigh the evidence in a manner

more favorable to him, Pet. Memo. at 11-13, a course of action which plainly is prohibited by the foregoing authorities. As Watson has failed to satisfy his burden of showing that the rejection of his first claim by the Virginia Court of Appeals was either an unreasonable determination of the facts or an unreasonable application of federal law, that result must be allowed to stand. Williams, 529 U.S. at 412-13. Accordingly, Claim 1 of this petition must be dismissed.

**B. Claim 2**

In his second claim, Watson asserts that the evidence adduced at trial was insufficient to sustain the conviction of failure to appear. On direct review, the Virginia Court of Appeals found this contention to be without merit, as follows:

> Appellant failed to appear for a court hearing scheduled for December 16, 2004 at 1:00 p.m. Angela Butcher, the custodian of records for a hospital, testified that the hospital records showed appellant had elective surgery on December 16, 2004. Butcher testified appellant arrived at the hospital at 12:35 p.m. and he was released at 4:00 p.m. Butcher also stated that the doctor who performed the surgery had 'slots' open for the day before and the day after December 16, 2004 and that appellant's surgery was the only surgery scheduled for the doctor to perform on December 16, 2004. Butcher also testified that appellant 'probably' could have had the surgery on December 15 or 17, 2004 and that the surgeon is 'not busy' with elective surgeries in December.
>
> Appellant's wife testified that appellant was shot in September 2004 and the December 16, 2004 surgery was to remove a bullet from the September shooting. She also stated she came to the courthouse on the morning of December 16, 2004 and advised someone on the first floor that appellant was unable to appear at the scheduled hearing. She later testified she advised the court of appellant's scheduled surgery 'before' December 16, 2004.
>
> Appellant does not assert he was unaware of the December 16, 2004 hearing date and time. Indeed his wife indicated he knew she was going to the courthouse. In addition, the date and time of the court hearing are reflected in the court's records. Knowledge of the court date can be inferred from proof the date was set in orders entered into

> the public record. Hunter v. Commonwealth, 1 Va. App. 717, 722, 427 S.E.2d 197, 200-02 (1993). Furthermore, '[a]ny failure to appear after notice of the appearance date [is] *prima facie* evidence that such failure to appear [was] willful.' Id. at 721, 427 S.E.2d at 200 (quoting Trice v. United States, 525 A.2d 176, 179 (D.C. 1987)). 'When the government proves that an accused received timely notice of when and where to appear for trial and thereafter does not appear on the date or place specified, the fact finder may infer that the failure to appear was willful.' Id. (citing Smith v. United States, 583 A.2d 975, 979 (D.C. 1990)).
>
> From the evidence that appellant's surgery was elective and that the surgeon had other 'slots' available during the week of the court date, the trial court could infer that appellant willfully failed to appear at the court hearing. Accordingly, the evidence was sufficient to prove beyond a reasonable doubt that appellant committed the charged offense.

Watson v. Commonwealth, supra. Resp. Ex. 1 at 1 - 2.

As is apparent from the foregoing discussion, when the evidence is viewed in the light more favorable to the prosecution, it is readily apparent that a rational trier of fact could have found beyond a reasonable doubt that Watson was guilty of failure to appear for a court date. Jackson, 443 U.S. at 319. Therefore, the state courts' rejection of Watson's second claim was neither contrary to nor an unreasonable application of that controlling federal law, and federal habeas corpus relief likewise must be denied. Williams, 529 U.S. at 412-13.

### C. Claim 3

In his third claim, Watson argues that his appellate counsel rendered ineffective assistance by failing to challenge the sufficiency of the evidence adduced at trial to prove that Watson had the requisite intent to distribute the cocaine. To establish ineffective assistance of counsel, a petitioner must show that (1) "counsel's performance was deficient" and (2) "the deficient performance prejudiced the defendant." Strickland v. Washington, 466 U.S. 668, 687 (1984). To prove that

10

counsel's performance was deficient, a petitioner must show that "counsel's representation fell below an objective standard of reasonableness" id. at 688, and that the "acts and omissions" of counsel were, in light of all the circumstances, "outside the range of professionally competent assistance." Id. at 690. Such a determination "must be highly deferential," with a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." Id. at 689; see also, Burket v. Angelone, 208 F.3d 172, 189 (4th Cir. 2000) (reviewing court "must be highly deferential in scrutinizing [counsel's] performance and must filter the distorting effects of hindsight from [its] analysis"); Spencer v. Murray, 18 F.3d 229, 233 (4th Cir. 1994) (court must "presume that challenged acts are likely the result of sound trial strategy.").

To satisfy Strickland's prejudice prong, a "defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Strickland, 466 U.S. at 694. "A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id.; accord, Lovitt v. True, 403 F.3d 171, 181 (4th Cir. 2005). The burden is on the petitioner to establish not merely that counsel's errors created the possibility of prejudice, but rather "that they worked to his actual and substantial disadvantage, infecting his entire trial with errors of constitutional dimension." Murray v. Carrier, 477 U.S. 478, 494 (1986) (citations omitted, emphasis original). The two prongs of the Strickland test are "separate and distinct elements of an ineffective assistance claim," and a successful petition "must show both deficient performance and prejudice." Spencer, 18 F.3d at 233. Therefore, a court need not review the reasonableness of counsel's performance if a petitioner fails to show prejudice. Quesinberry v. Taylore, 162 F.3d 273, 278 (4th Cir. 1998).

When Watson first raised a claim challenging the effectiveness of his appellate representation

11

in his state habeas corpus proceeding, the Virginia Supreme Court found his argument to be meritless, as follows:

> In claim (A), petitioner alleges that he was denied the effective assistance of counsel because counsel failed to argue on appeal that the evidence was insufficient to find that he possessed the intent to distribute the crack cocaine. Petitioner claims that the evidence failed to preclude the possibility that he possessed the drugs for personal use.
>
> The Court holds that claim (A) satisfies neither the 'performance' nor the 'prejudice' prong of the two-part test enunciated in Strickland v. Washington, 466 U.S. 668, 687 (1984). The record, including the trial transcript, demonstrates that Officer Chris O'Conner was qualified as an expert in the distribution of narcotics and testified that the amount and packaging of the cocaine petitioner possessed was inconsistent with personal use. Based on the physical evidence and Officer O'Conner's testimony, there was sufficient evidence to support a finding that petitioner possessed the intent to distribute the crack cocaine. Despite counsel's concession that he was 'ineffective' for failing to argue this issue on appeal, counsel is not ineffective for failing to raise a meritless issue on appeal. Thus, petitioner has failed to demonstrate that counsel's performance was deficient or that there is a reasonable probability that, but for counsel's alleged errors, the result of the proceeding would have been different.

Watson v. Director, supra. Resp. Ex. 4 at 1-2.

Because the Virginia Supreme Court's foregoing holding was neither an unreasonable determination of the facts nor an unreasonable application of the controlling Strickland principles upon which it expressly relied, its dismissal of Watson's third claim must not be disturbed here. Williams, 529 U.S. at 412-13. Accordingly, petitioner has failed to show entitlement to federal habeas corpus relief on any of his claims, and respondent's motion to dismiss this petition must be granted.[3]

---

[3]As a final matter, it is noted that petitioner includes in his reply to respondent's answer a request for a federal evidentiary hearing in this case. (Docket # 17). However, as is now apparent, Watson's

## V. Conclusion

For the above-stated reasons, the respondent's Motion to Dismiss will be granted, and this petition will be dismissed. An appropriate Order shall issue.

Entered this __10th__ day of __August__ 2009.

Alexandria, Virginia

/s/
T. S. Ellis, III
United States District Judge

---

claims can be thoroughly addressed on the existing record, and because Watson is not otherwise entitled to evidentiary development of his claims, his request for an evidentiary hearing will be denied. Conaway v. Polk, 453 F.3d 567, 582 (4th Cir. 2006).

13